U.S. DISTRICT COURT
SAVANNAH DIV.
2012 JUN -8 PM 3:23
CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR410-218
)
NIURKA RASCO, )
)
Defendant. )
)

## O R D E R

Before the Court is Defendant Niurka Rasco's Motion for Appeal Bond or Alternate Relief. (Doc. 63.) In the motion, Defendant requests that she be released on bond while her appeal of this Court's decision to revoke her probation is pending before the Eleventh Circuit Court of Appeals. (Id. at 1.) In the alternative, Defendant seeks an additional thirty days to self-report[1] to the Bureau of Prisons to allow the Eleventh Circuit time to consider her request for bond, pursuant to Rule Nine of the Federal Rules of Appellate Procedure. (Id.) For the following reasons, Defendant's motion is **DENIED**.

Under 18 U.S.C. § 3143, the Court must detain a defendant found guilty of an offense and sentenced to a term of imprisonment unless the defendant establishes four

---

[1] Defendant is scheduled to self-report on June 11, 2012. Her motion was filed on May 30, 2012. (Doc. 63.)

factors: (1) that she is unlikely to flee and does not present a danger to the safety of any other person or the community; (2) that the purpose of the appeal is not to delay the proceedings; (3) that the appeal presents a substantial issue of law or fact; and (4) that she is entitled to reversal or a new trial on all counts for which imprisonment was imposed in the event of a successful appeal. United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985); see 18 U.S.C. § 3143(b). The burden of establishing all four of these factors rests with the defendant. Giancola, 754 F.2d at 900-01. In addition, the threshold regarding whether a question of law or fact is substantial lies at some point beyond mere frivolity. United States v. Fernandez, 905 F.2d 350, 354 (11th Cir. 1990) (quoting Giancola, 754 F.2d at 901). Rather, such a question is substantial if "[i]t is a 'close' question or one that very well could be decided the other way." Giancola, 754 F.2d at 901.

After careful consideration, the Court concludes that Defendant has failed to establish both that she does not represent a danger to the safety of others or the community, that the appeal presents substantial questions of law or fact, and that she would be entitled to reversal

on the count for which she was imprisoned. First, Defendant was directed to participate in a program of mental health treatment as part of her supervision while serving probation. (Doc. 26 at 3.) Based on the testimony presented at the April 11, 2012 revocation hearing, the Court concluded that Defendant failed to procure a proper mental health examination, much less enter a program for mental health treatment. Due to this shortcoming, the Court retains deep reservations concerning the safety of those individuals that Defendant may encounter. Accordingly, the Court is unable to conclude that Defendant has established she does not pose a danger to the safety of other or the community.

Second, a review of Defendant's enumerations of error does not lead this Court to the conclusion that her appeal raises substantial issues of law. Moreover, Defendant has not met her burden of showing that the issues she contends to raise on appeal, even if meritorious, would warrant the reversal of this Court's decision to revoke her probation. Accordingly, the Court finds that Defendant has also failed to establish these two factors necessary for the grant of a bond during the pendency of appeal. As a result, Defendant's request for bond is **DENIED**.

As a final matter, the Court will not grant Defendant a second extension of time to voluntarily surrender. The Court previously granted Defendant a thirty-five day extension from her original date to self-report. (Doc. 56.) After careful consideration, the Court sees no need for any further extension. Accordingly, Defendant's request for a thirty-day extension is **DENIED**.

SO ORDERED this 8th day of June 2012.

_____
WILLIAM T. MOORE, JR
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA